**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4201

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL JOSEPH KNOX, a/k/a Melo, a/k/a Mello,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Sherri A. Lydon, District Judge.  (3:23-cr-00484-SAL-2)

Submitted:  January 22, 2026                     Decided:  January 26, 2026

Before AGEE, RICHARDSON, and HEYTENS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Benjamin Neale Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Joseph Knox pled guilty, pursuant to a written plea agreement, to conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371; carjacking, in violation of 18 U.S.C. §§ 2, 2119; three counts of interfering with federally protected activities, in violation of 18 U.S.C. §§ 2, 245(b)(2)(F); and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). The district court sentenced him to 303 months' imprisonment.

On appeal, Knox's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Knox's sentence. Although notified of his right to do so, Knox has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by Knox's waiver of the right to appeal included in the plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (citation modified). "An appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224 (citation modified). To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.*

Knox opposes dismissal. Although he acknowledges that the district court questioned him about his appeal waiver, he faults the court for failing to make an explicit

2

finding that the waiver was voluntary. But we do not require such an explicit finding from the district court. Rather, "when a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). Our review of the record confirms that Knox knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not applicable here.

In accordance with *Anders*, we have reviewed the entire record in this case. The sentencing challenges raised by *Anders* counsel fall squarely within the valid waiver's scope, and we have found no meritorious grounds for appeal outside the waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Knox, in writing, of the right to petition the Supreme Court of the United States for further review. If Knox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Knox. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3